## SARAH MOORE v. THEODORE L. BECK.

Argued February 18, 1904—Decided June 13, 1904.

1. The natural meaning of an accusation that a person is "keeping a disorderly house" is that he is so keeping his house as to make it a common nuisance to the neighborhood.

2. Where a plea of justification, in an action of slander, is supported by substantial evidence produced by the defendant, the fact that the proofs offered fail to convince the jury of the truth of the alleged slanderous words, affords no ground for holding, as a matter of law, that the plea was filed in bad faith, or that the words were spoken with a malicious motive.

On error to the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Gilbert Collins.*

For the defendant in error, *Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff recovered judgment against the defendant in an action for slander. The words declared on and proved are, "You [meaning the plaintiff] are keeping a disorderly house." The pleas were the general issue and justification.

The first assignment of error is that the court wrongly instructed the jury that the words alleged to have been spoken imputed to the plaintiff an indictable offence. The instruction was as follows: "The phrase 'a disorderly house' is one which is well understood as having a certain definite meaning. A disorderly house is a house the inmates of which behave so badly as to become a nuisance to the neighborhood. * * * In accusing the plaintiff of keeping a disorderly house, you are entitled to infer, from the words themselves— and, in fact, their reasonable and necessary meaning would be—that she kept a house the inmates of which behaved so badly as to become a nuisance to the neighborhood. Such a house would be unlawful and she would be subject to indictment, and therefore, in making the accusation (if the defendant did so), he would be liable for slander without further proof."

We concur in the view of the trial judge that the natural meaning of a charge that a person is keeping a disorderly house is that he is so keeping his house as to make it a common nuisance to the neighborhood, and thereby renders himself liable to indictment.

The second assignment of error is directed to the instruction of the trial judge to the jury as to the effect of a plea of justification which is unsuccessfully attempted to be supported by proof. The charge was: "So far as this justification question is concerned, my view is that it tends to show *actual malice,* if not made out." From what had been previously said in the charge the jury were led to believe that if actual malice was shown they would be warranted in assessing punitive damages against the defendant, and the amount of their verdict shows that they did so.

We think that the instruction complained of was erroneous. In the case of *King* v. *Patterson,* 20 *Vroom* 417, Mr. Justice Depue, speaking for the Court of Errors and Appeals, thus lays down the rule with relation to malice in actions of slander. Where the words spoken impute a crime, unless they are justified by proof of their truth, the law conclusively presumes malice such as is essential to the action, and good faith, and an honest belief in their truth, will be no defence. But, in a legal sense, malice, as an ingredient of an action for slander, signifies nothing more than a wrongful act, done intentionally, without just cause or excuse. The absence of a malicious *motive,* therefore (in other words, the absence of *actual* malice), will not bar the action, although *it will protect against exemplary damages.*

The filing of a plea of justification, not followed by an attempt to prove at the trial the truth of the words spoken, or followed by an admission at the trial of their untruthfulness, has been held, in other jurisdictions, to warrant the conclusion that they were spoken with a malicious motive. The rule is an arbitrary one and has not been universally adopted. The case now before us does not require either its acceptance or its rejection. It is enough to say, in disposing

of this assignment of error, that where the defendant interposes substantial evidence tending to support his plea, the mere fact that the proofs offered failed to convince the jury of the truth of the alleged slanderous words affords no ground for holding, as a matter of law, that the plea of justification was filed in bad faith, or that the words were spoken with a malicious motive, and therefore justifies the jury in assessing exemplary damages against the defendant.

The judgment below should be reversed.